UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| Gloria A. Armendariz, | § | |
| --- | --- | --- |
| | § | |
| Plaintiff, | § | Civil Action No. |
| v. | § | |
| | § | SA-10-CV-0960 FB (NN) |
| Afni, Inc., | § | |
| | § | |
| Defendant. | § | |

# REPORT AND RECOMMENDATION

This report and recommendation addresses the defendant's motion for summary judgment. I have jurisdiction to enter this report and recommendation under 28 U.S.C. § 636(b) and the district court's order referring all pretrial matters to me for disposition by order or to aid the district court by recommendation where my authority as a magistrate judge is statutorily constrained. After considering the motion, I recommend granting the motion and entering summary judgment in favor of the defendant.

**The nature of the case**. Plaintiff Gloria Armendariz sued her employer — Afni Inc. — for employment discrimination under the Americans with Disabilities Act (ADA).[1] Armendariz asked for the appointment of counsel,[2] but I denied the request for

---

[1]Docket entry # 13.

[2]Docket entry # 2.

the reasons set forth in my order.³  Armendariz has twice appealed that decision.⁴  The appeals are pending before the district court.

Armendariz alleged Afni discriminated against her based on disability by failing to accommodate her requested work schedule in May 2010.  She complained that she was not permitted to work from May 3, 2010 to June 2, 2010, even though she was not sick during that time period.  Armendariz contended the alleged lack of accommodation caused her to exhaust her leave entitlement under the Family Medical Leave Act (FMLA).  Armendariz identified attention deficit disorder, panic attacks, depression and anxiety as her disability.  As relief, Armendariz seeks the restoration of FMLA hours, lost wages, and compensatory damages for emotional distress.

**The law relevant to a failure-to-accommodate claim**.

> Under the ADA, an employer "discriminates" against an employee if it fails to make "reasonable accommodations to the known … mental limitations of an otherwise qualified individual with a disability."  EEOC regulations define "reasonable accommodation" as "[m]odifications or adjustments to the work environment, or to the manner or circumstances under which the position held or desired is customarily performed, that enable a qualified individual with a disability to perform the essential functions of that position."  To assert a claim under the ADA's accommodation provisions, Plaintiff must show: (1) she requested a reasonable accommodation; and (2) that she was a qualified individual with a disability at the time the request for accommodation was made.  A request for accommodation must "explain that the adjustment in working conditions or duties she is seeking is for a medical condition-related reason, but the employee does not have to mention the ADA or use the

---

³Docket entry # 4.

⁴Docket entry #s 26 & 32.

2

phrase 'reasonable accommodation.' " Once such a request is made, the employer is required to engage in an "interactive process: a meaningful dialogue with the employee to find the best means of accommodating that disability." "When an employer does not engage in a good faith interactive process, that employer violates the ADA—including when the employer discharges the employee instead of considering the requested accommodations."[5]

"[T]he ADA requires employers to reasonably accommodate limitations, not disabilities."[6] The ADA provides a right to reasonable accommodation, but it does not give an employee the right to her preferred accommodation.[7]

**Afni's motion and summary-judgment evidence**. Afni did not question whether Armendariz is a qualified individual under the ADA, but instead Afni argued that Armendariz cannot establish that Afni failed to provide her with a reasonable accommodation requested by her and certified by her physician during a time that she was a qualified individual with a disability.[8] Afni maintained that it provided Armendariz a reasonable accommodation. Afni's summary-judgment evidence showing reasonable accommodation is summarized below.

Armendariz began working for AFNI as a customer care consultant in April

---

[5]*Cato v. First Fed. Cmty. Bank*, 668 F. Supp. 2d 933, 945-46 (E.D. Tex. 2009) (citations omitted).

[6]*Taylor*, 93 F.3d at 164.

[7]*E.E.O.C. v. Agro Distrib.*, 555 F.3d 462, 471 (5th Cir. 2009).

[8]Docket entry # 28, p. 7.

3

2007.[9] Armendariz's job required her to answer incoming phone calls and respond to customer questions.[10] On February 4, 2010, Armendariz requested an accommodation in the form of extended breaks as needed, days off when her condition worsened, and continuation of split shifts. Afni approved the request for accommodation, permitting Armendariz to work split shifts and take her work breaks throughout the work day as needed.[11] Armendariz also asked for intermittent FMLA leave, beginning on February 1, 2010 through March 1, 2010.[12] Initially, AFNI approved the leave as intermittent FMLA leave,[13] but Afni subsequently approved the leave on a continuous basis based on documentation from Armendariz's doctor.[14]

Documentation from the doctor established the following: On February 8, 2010, Armendariz's doctor stated that Armendariz was unable to: concentrate and stay focused, function mentally, and perform job functions due to anxiety.[15] The doctor indicated Armendariz's condition began on February 1, 2010 and was expected to continue for one month. On March 8, 2010, Armendariz's doctor indicated that

---

[9]Docket entry # 28, Penley affidavit, ¶ 4.

[10]Docket entry # 28, Penley affidavit, ¶ 5 & ex. 1.

[11]Docket entry # 28, Penley affidavit, ex. 6.

[12]Docket entry # 28, Penley affidavit, ex. 2 & 3 & Millican affidavit, ex. 1.

[13]Docket entry # 28, Penley affidavit, ex. 6.

[14]Docket entry # 24, Millican affidavit, ex. 4.

[15]Docket entry # 28, Penley affidavit, ex. 4.

4

Armendariz was still unable to perform her job functions and that she could not take telephone calls. The doctor indicated Armendariz's condition began on February 1, 2010 and was expected to last for three months.[16] The doctor also indicated that Armendariz needed to continue split shifts and relax between shifts.[17] On March 12, 2010, Afni approved an extension of Armendariz's FMLA leave on a continuous basis from February 15, 2010 to March 22, 2010.[18] Afni advised Armendariz that she would need a doctor's release before returning to work.[19] Afni informed Armendariz that absences beyond March 22, 2010 would count against her attendance record. Armendariz did not work from February 16, 2010 to March 22, 2010.

When Armendariz returned to work, she was trained for a new project as a customer sales consultant, because the project Armendariz was working on before her leave had terminated.[20] On April 21, 2010, Armendariz again sought accommodation for her medical condition; she asked to continue on split shifts, Tuesdays and Thursdays off, extended break periods, and extra training.[21] Because her prior accommodation expired on March 1, 2010, AFNI required medical documentation for Armendariz's new

---

[16]Docket entry # 28, Penley affidavit, ex. 8.

[17]*Id.*

[18]Docket entry # 28, Penley affidavit, ex. 9.

[19]*Id.*

[20]Docket entry # 28, Penley affidavit, ¶ 10.

[21]Docket entry # 28, Penley affidavit, ex. 10.

request.[22] Armendariz provided her documentation on May 10, 2010.[23]

Armendariz's doctor reported that Armendariz was unable to take phone calls, had difficulty with concentrating and focusing, and was unable to perform job functions.[24] The doctor indicated Armendariz's medical condition began on February 1, 2010 and was expected to last for one year.[25] On May 12, 2010, Afni approved Armendariz's request for FMLA leave for the time period May 1, 2010 to June 11, 2010 when her FMLA entitlement ended.[26] On May 28, 2010, Afni accommodated Armendariz's request for split shifts, on Mondays, Tuesdays, Wednesdays and Fridays.[27] This schedule required Armendariz to work 30 hours per week and remain full-time for benefits eligibility. Armendariz's doctor indicated that Armendariz could work with the new schedule.[28]

This evidence shows that Afni provided Armendariz with a reasonable accommodation: a modified work schedule that permitted Armendariz to perform the essential functions of her job. Armendariz's doctor documented Armendariz's

---

[22] Docket entry # 28, Penley affidavit, ¶ 28.

[23] Docket entry # 28, Penley affidavit, ¶ 30.

[24] Docket entry # 28, Penley affidavit, ex. 11.

[25] *Id.*

[26] Docket entry # 28, Penley affidavit, ¶ 33.

[27] Docket entry # 28, Penley affidavit, ex. 13.

[28] Docket entry # 28, Penley affidavit, ex. 14.

limitations and necessary accommodations, and Afni made an appropriate accommodation. Because Afni presented summary-judgment evidence showing it provided Armendariz with a reasonable accommodation, it is entitled to summary judgment unless Armendariz raised a fact question about whether Afni provided a reasonable accommodation.

**Armendariz's summary-judgment evidence**. Armendariz's summary-judgment consists in large part of duplicate documents and copies of various medical records. Those documents do not contradict Afni's argument. Armendariz presented a doctor's work release, releasing Armendariz for modified duty beginning March 23, 2010, with split shifts and individualized training.[29] Armendariz relied on the work release as evidence she was not sick in May 2010, but the work release does not raise a fact question about whether Afni accommodated Armendariz's limitations because Afni provided the requested accommodation. Afni trained Armendariz for her new position when she returned to work in March 2010, and scheduled Armendariz for split shifts once her doctor clarified the conditions under which she could work. When Armendariz asked for accommodation on April 21, 2010, Armendariz's doctor had indicated Armendariz was unable to perform her job. That Armendariz thought she was able to work, or that her doctor failed to clarify that she could work,[30] has no

---

[29] Docket entry # 34, ex. 25.

[30] Docket entry # 28, Penley affidavit, ex. 16 (letter from Armendariz stating that she complained to her doctor's employer because the doctor failed to confirm she was

bearing on whether Afni made a reasonable accommodation. Afni accommodated the limitations presented by Armendariz's doctor.

To the extent Armendariz complained about approval of continuous FMLA leave versus intermittent FMLA leave, that complaint fails for two reasons. First, "FMLA leave is not a reasonable accommodation under the ADA; rather, it is a right enforceable under a separate statutory provision."[31] Second, Armendariz's doctor stated that Armendariz was unable to perform the essential functions of her job. On May 2, 2010, Armendariz's doctor reported that Armendariz was unable to take phone calls, had difficulty with concentrating and focusing, and was unable to perform job functions, beginning on February 1, 2010 for a period of one year.[32] Afni is not required to restore Armendariz's exhausted FMLA entitlement because her doctor later certified that she was able to work with accommodation. Armendariz failed to raise a fact question about whether Afni made a reasonable accommodation.

**Recommendation**. I recommend GRANTING Afni's motion (docket entry # 28) and ENTERING summary judgment in Afni's favor. "When dealing in the amorphous

---

not on sick leave in May 2010 and asked for monetary compensation for lost work).

[31]*Trevino v. United Parcel Serv.*, No. 3:08-CV-0889-B, 2009 WL 3423039, 12 (N.D. Tex. Oct. 23, 2009). *See Munoz v. Echosphere*, No. 09-CV-0308-KC, 2010 WL 2838356, 13 (W.D. Tex. July 15, 2010) (rejecting plaintiff's argument that her employer failed to reasonably accommodate her limitations by denying request for FMLA leave because "FMLA leave is not a reasonable accommodation under the ADA; rather it is a right enforceable under a separate statutory provision") (citation omitted).

[32]Docket entry # 28, Penley affidavit, ex. 11.

world of mental disability, … health-care providers are best positioned to diagnose an employee's disabilities, limitations, and possible accommodations."[33] The summary-judgment evidence shows Afni relied on Armendariz's health-care provider in accommodating Armendariz's limitations. At the time Armendariz sought accommodation for May 2010, her treating doctor had certified that she was unable to work. After Armendariz's doctor indicated Armendariz could work with accommodation, Afni accommodated Armendariz with extra instruction and split shifts. Afni is entitled to summary judgment in its favor.

**Instructions for Service and Notice of Right to Object/Appeal**. The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this report and recommendation must be filed within 14 days after being served with a copy of same, unless this time period is modified by the district court.[34] Such party shall file the objections with the clerk of the court, and serve the objections on all other parties and the magistrate judge. A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for

---

[33] *Taylor v. Principal Fin. Grp.*, 93 F.3d 155, 165 (5th Cir. 1996).

[34] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

such objections; the district court need not consider frivolous, conclusive or general objections. A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court.[35] Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.[36]

**SIGNED** on May 6, 2011.

NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

[35] *Thomas v. Arn*, 474 U.S. 140, 149-52 (1985); *Acuña v. Brown & Root*, 200 F.3d 335, 340 (5th Cir. 2000).

[36] *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).